IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DR. MARY HAMEL-SCHWULST                                              PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 1:08cv195WJG-JMR

COUNTRYPLACE MORTGAGE, LTD.
d/b/a COUNTRYPLACE LIMITED TEXAS
PARTNERSHIP; CASPER KOBLE;
JOHN WILLIAMS, JR.; PALM HARBOR
HOMES, INC.; U.S. TITLE & REAL ESTATE
CLOSING SERVICES, INC.; JEFFERY NEGROTTO
and PEIRSON/PATTERSON, LLP                                          DEFENDANTS

## MEMORANDUM OPINION

THIS ACTION is before the Court on the motions of the Plaintiff, Dr. Mary Hamel-Schwulst, to reopen this case to vacate the arbitration award [51], for clarification of an order entered September 16, 2008 [56], for an extension of time to complete arbitration [58], to quash or set aside a notice of default [59], to strike the affidavit of Casper Koble [62], for leave to file a third party complaint [70], for permission to file the arbitration record [72], to reinstate this case to the active docket [77], for relief pursuant to Federal Rules of Civil Procedure 60(b) [82], and to vacate the arbitration award [85] on constitutional grounds. Also pending before the Court are the motions of Defendants, Country Place Mortgage, Ltd. [CountryPlace]; Casper Koble; John Williams, Jr., and Palm Harbor Homes, Inc. [Palm Harbor] [collectively, the Defendants] to disburse funds paid into the registry of the court [66], and to confirm the arbitrator's award [92]. The arbitration award was rendered on July 9, 2009. (Ct. R., Doc. 88, p. 1.)

Statement of Facts

The arbitration hearing in this case took place on June 16, 2009, with CountryPlace as the Claimant and Hamel-Schwulst as the Respondent. (Ct. R., Doc. 50, p. 3.) CountryPlace is the lender on Hamel-Schwulst's contract to purchase a home from Palm Harbor. (Ct. R., Doc. 50-2, p. 1.) The arbitration award indicated that the Note and the Deed of Trust securing the note executed between CountryPlace and Hamel-Schwulst constitutes a valid first lien on the property located at 242 Woodman Avenue in Pass Christian, Mississippi. (*Id.*, p. 3.) The award provided that Hamel-Schwulst is indebted to CountryPlace in the amount of $86,374.23 in principal and $7,322.54 in interest, with interest in the amount of $16.79 per day accruing after June 30, 2009. (*Id.*) Attorneys fees were also awarded to the law firm Page, Mannino, Peresich, and McDermott, and to the law firm Craddock, Davis and Krause, LLP. (*Id.*) In addition, CountryPlace was authorized to proceed with foreclosure proceedings on the property so long as Hamel-Schwulst is delinquent on her loan. (*Id.*) The arbitration award also established that, "all claims not expressly granted herein are hereby denied." (Ct. R.,, Doc.90-4, p. 14.)

According to Hamel-Schwulst, the arbitration award should be set aside on constitutional due process grounds because the arbitrator exceeded his authority, and because of fraud in the proceedings related to the loans. (Ct. R., Doc. 51, p. 2.) She contends that the original arbitration agreement between the parties did not provide for an award of attorneys fees; therefore the pay-off amount of about $140,000, including attorneys fees, set by the arbitrator is wrong. (*Id.*, p. 4.)

Hamel-Schwulst also asserts that she received a notice of default and right to cure default by certified mail from Casper Koble. (*Id.*, p. 5.) She claims that proceedings related to the

property are under stay of this Court, pending resolution of the arbitration proceedings. (*Id*., p. 6.) She claims that the case must be reopened to allow proceedings to continue and, in addition, that the note holder is presently in Bankruptcy Court, with an automatic stay of all foreclosures having been issued in that case. *Id., citing In re Taylor, Bean & Whitaker Mortgage Corp.,* United States Bankruptcy Court for the Middle District of Florida, Cause No. 09-07047.

According to Defendants, the arbitrator found that the deed of trust on the property constitutes a valid first lien; determined the principal and interest due under the note as of the closing date of the arbitration; the amount of attorneys fees; determined that so long as Hamel-Schwulst remained delinquent in her payments on the property, CountryPlace is authorized to foreclose on the property under the laws of the state of Mississippi; and that CountryPlace is authorized to request that the escrow payments being held in this court be disbursed to CountryPlace. (Ct. R., Doc. 66, p. 6.) Defendants assert that Hamel-Schwulst is attempting to obtain judicial review of the arbitrator's decision which is legally improper. (Ct. R., Doc. 84, p. 3.) The only reason not to confirm the arbitrator's award, according to Defendants, is if the award is vacated, modified or corrected as prescribed by statute. (*Id*.)

Conclusions of Law

I.  <u>Plaintiff's Motion [51] to Reopen Case to Allow Plaintiff's Motion to Set Aside Arbitration Award; and Plaintiff's Motion [77] to Reopen Case and for Leave to file Request for Production</u>

The Court finds that reopening this cause is necessary for the resolution of the motions filed by all parties following the award of the arbitrator. The Court finds that Plaintiff's first motion [51] should be granted, and the portion of her second motion [77] to reopen the case

should be denied as moot.  The remaining portion of Plaintiff's second motion to reopen will be addressed below with other motions relative to the arbitration award/proceedings.

II.     Plaintiff's Motion [56] to Clarify the Court's Order Closing Case for Statistical Purposes

The Court, on September 16, 2008, entered an Order granting Defendants' motion to stay these proceedings and compel arbitration.  (Ct. R., Doc. 34.)  The referenced language closing the case for statistical purposes is standard in this District, and is for the benefit of the Clerk of Court.  The language is merely a fulfillment of a request by the Clerk to assist in proper and accurate case accounting.  The order clearly outlines the procedures necessary to reinstate the case to the active docket of the court, and both parties have demonstrated an understanding of those procedures as evidenced by the motions filed in this case following the decision of the arbitrator.  The Court finds no further clarification is needed to allow this case to proceed, and further finds that Plaintiff's motion [56] for clarification should be denied.

III.    Plaintiff's Motion [70] for Leave of Court to File Third Party Complaint

Hamel-Schwulst filed her motion for leave to file a third party complaint against Michael S. Elkins, the person that performed the inspection on the property for the Federal Housing Administration [FHA] prior to closing.  (Ct. R., Doc. 70.)  Hamel-Schwulst claims that Elkins made a false statement on an FHA compliance report form in connection with her FHA loan application.  (*Id*., p. 3.)  She asserts that she only recently learned the identity of this individual.  (*Id*., p. 2.)  Plaintiff's original complaint in this case was filed on May 14, 2008, advancing a challenge to the arbitration provision contained in the sales contract and other allegations advanced against Palm Harbor and CountryPlace in connection with the financing and purchase and of the Palm Harbor home.  (Ct. R., Doc. 1.)

Leave to amend should be freely granted when justice requires. FED. R. CIV. P. 15(a). A district court has limited discretion to deny leave to amend, however, this does not mean that granting a motion to amend is an automatic process. *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254-5 (5th Cir. 2003). Delay in seeking an amendment, undue prejudice to the opposing party if the amendment was allowed, futility of the amendment and prevention of the presentation of theories of recovery in serial, rather than in one concise complaint, are several permissible reasons to deny a motion for leave to amend. *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 612 (5th Cir. 1993). The Court finds that allowing an amendment to a complaint to include tangentially related claims after the parties have proceeded to arbitration would be prejudicial to CountryPlace. There are other forums better suited to resolve the allegations set forth in the motion, and the Court finds that the motion for leave to file a third party complaint should be denied.

IV.     Plaintiff's Motion [72] for Leave to File Record

Hamel-Schwulst seeks leave to file the record of the arbitration proceedings in this case. (Ct. R., Doc. 72.) Although Defendant CountryPlace opposes the motion, arguing that Plaintiff seeks to obtain judicial review of the award, the Court finds that the motion simply seeks permission to file a copy of the documents associated with the arbitration proceedings. (Ct. R., Docs. 72, 75.) Indeed, Hamel-Schwulst carried out her intent by submitting the documents in a subsequent filing in this case. (Ct. R., Doc. 90.) The Court, therefore, finds the motion to file record should be denied as moot, as the documents are now part of the court record in this case.

V.      Plaintiff's Motion [82] for Rule 60(b) Relief

Hamel-Schwulst, in a motion dated October 19, 2009, seeks relief under Rule 60(b) of the Federal Rules of Civil Procedure from the order dated September 16, 2008, (Ct. R., Doc. 34), compelling arbitration in the case. (Ct. R., Doc. 82.) Hamel-Schwulst advances several arguments and concludes that CountryPlace and the other Defendants engaged in fraud in the inducement of the loan securing the property at issue in this suit. (*Id*., p. 5.) A motion under Rule 60(b) must be made no more than one year after the entry of the judgment or order or the date of the proceeding. FED. R. CIV. P. 60(c)(1). Plaintiff's motion was clearly filed beyond the allowable period. For this reason, the Court finds that Plaintiff's motion for relief under Rule 60(b) should be denied as untimely.

VI.     Motions Concerning Arbitration Award/Proceedings

The remaining motions filed by Hamel-Schwulst address the arbitration award or proceedings related to the award. (Ct. R., Docs. 51, 58, 59, 62, 85.) Defendants have filed two motions related to the award: a motion to release funds [66] paid into the registry of the court; and a motion to confirm the award [92]. The Court will first address the arbitration award and motions related to that award.

On application for an order confirming an arbitration award, the court must grant the motion for the order unless the award is vacated as outlined in 9 U.S.C. § 10; or modified or corrected as outlined in 9 U.S.C. § 11. *Hall Street Assocs., L.L.C. v. Mattel, Inc*., 552 U.S. 576, 128 S.Ct. 1396, 1402 (2008). Only when the arbitrator does not uphold the terms of the written agreement between the parties and substitutes his own interpretations of the terms should a court find that the award should not be upheld. *American Laser Vision, P.A. v. Laser Vision Inst., L.L.C.*, 487 F.3d 255, 258-9 (5th Cir. 2007). The party seeking to vacate the award bears the

burden of proof, and the court must resolve any doubts or uncertainties in favor of upholding the award. *Brabham v. A.G. Edwards & Sons, Inc.*, 376 F.3d 377, 385 n.9 (5th Cir. 2004).

Hamel-Schwulst contends that the arbitration award should be set aside because CountryPlace has improperly initiated foreclosure proceedings against the property; payments were made on the note either directly to Palm Harbor or paid into the registry of the court and foreclosure proceedings were stayed pending arbitration; and Taylor, Bean &Whitaker Mortgage Corporation [Taylor], the holder of the note on this property according to the Plaintiff,[1] is currently in bankruptcy proceedings in Florida. (Ct. R., Doc. 51, pp. 1-6.)

Although Hamel-Schwulst contends that the award should be overturned, she offers no evidence other than her assertions that the Florida bankruptcy proceedings involving Taylor has some bearing on this case. In fact, according to the pleading, the bankruptcy was filed August 24, 2009, after the arbitration proceedings were held and the award was issued. (Ct. R., Doc. 53-2.) She presents no evidence that the Florida bankruptcy proceedings are relevant to the defendants which were parties to the arbitration proceedings in this case.

The arbitrator reviewed the evidence regarding payments made on the loan along with Hamel-Schwulst's contentions regarding the validity of the deed of trust. (Ct. R., Doc 50-2, pp. 1-2.) The record reflects that there was considerable evidence that Hamel-Schwulst did not make the requisite payments on the loan, and that the contract between the parties called for acceleration of the loan in the event that payments were not made under the terms of the contract. (*Id*.) Accordingly, the arbitrator determined that the note and deed of trust is valid and is secured

---

[1] "Although originally such note and deed of trust were to be sold to Taylor, Bean and Whitaker Mortgage Corporation, CountryPlace Mortgage, Ltd., never did so because of this litigation, and the refusal of Plaintiff, Mary Hamel-Schwulst, to execute necessary documents." (Ct. R., Doc. 66-2, p. 2-3, ¶ III.)

by the real property and improvements located at 242 Woodman Avenue, Pass Christian, Mississippi. (*Id.*, p. 3.)

Arbitration awards are set aside only in narrowly defined circumstances, such as when the award was procured by corruption, fraud or other undue means; where there was evident partiality or corruption in the arbitrators; where there is behavior or circumstances which shows that the rights of any party have been prejudiced; or where the arbitrators exceeded their powers or imperfectly executed the powers so that a final award should not be upheld. 9 U.S.C. § 10. Hamel-Schwulst bears the burden of bringing forth evidence capable of establishing that the arbitrator's award should be vacated, with any uncertainties or doubts resolved in favor of upholding the award. *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 343 (5th Cir. 2004). Once the arbitration award is issued, the court cannot conduct an evidentiary hearing on the merits of the claims advanced by the parties to the arbitration. *Legion Ins. Co. v. Insurance Gen. Agency*, Inc., 822 F.2d 541, 543 (5th Cir. 1987). The Court must defer to the reasonable determination of the arbitrator. *Anderman/Smith Operating Co. v. Tennessee Gas Pipeline Co.*, 918 F.2d 1215, 1218 (5th Cir. 1990), *cert. denied*, 501 U.S. 1206 (1991). The arbitrator's findings of fact are subject only to the most limited review. *See Int'l Union of Elec. v. Ingram Mfg.*, 715 F.2d 886, 890 (5th Cir. 1983), *cert. denied* 466 U.S. 928 (1984).

Hamel-Schwulst claims she had to leave the hearing due to illness. An affidavit submitted on behalf of Hamel-Schwulst by George Smith provides that Hamel-Schwulst appeared distressed at the hearing and that she chose to leave the hearing due to an illness. (Ct. R., Doc. 88, Exh. C.) She contends that the arbitrator made the decision without hearing all

evidence available in this case. (Ct. R., Doc. 77, pp. 2-3.) She claims that she should have the right to inspect certain documents relating to her loan. (*Id*., pp. 3-4.)

In this case, Hamel-Schwulst and Palm Harbor entered into a purchase agreement which contains an arbitration agreement. (Ct. R., Doc. 1-3, p. 16.) The record in this case contains more than enough evidence for arbitrator to determine the validity of that contract in this case, and make a final award determination. The complaint in this case advances claims regarding the sales contract for a modular home against Palm Harbor and CountryPlace. That issue was resolved in the arbitration proceeding and the Court finds no reason to further delay this case to allow the same issues to be arbitrated between Palm Harbor and Hamel-Scwulst. The Court concludes that the motion, (Ct. R., Doc. 58), for extension of time to complete arbitration should be denied. Further, the Court finds that Plaintiff's motion for leave to file a request for production of document, (Ct. R., Doc. 77), should also be denied.

Hamel-Schwulst clams the award should be vacated on constitutional due process grounds because she claims the arbitrator failed to continue her case based on her mental illness. (Ct. R. Doc. 85, p. 2.) She claims she was not permitted to present her arguments or documentation during the arbitration proceeding. (*Id*., p. 5.) The Due Process Clause requires state action, and state action is absent in private arbitration cases. *National Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988). The Court finds no grounds to overturn the arbitrator's decision based on Hamel-Schwulst's allegations of a constitutional due process violation.

An arbitrator is not bound to hear all of the evidence tendered by the parties; he must, however, allow each of the parties to the dispute an adequate opportunity to present evidence and

argument to support their respective positions. In this case, Hamel-Schwulst was present for most of the hearing and submitted extensive documentation to the arbitrator, as evidenced by the documents included as part of the arbitration record. (Ct. R., Docs. 50-2, 90.) The record indicates that adequate opportunity was afforded to both parties to present their positions and the minimum standards of fundamental fairness were met. *Prestige Ford v. Ford Dealer Computer Services, Inc*., 324 F.3d 391, 395 (5th Cir. 2003), *cert. denied* 540 U.S. 878. The Court finds no reason to overturn the arbitration award based on a contention that the arbitrator did not consider all the evidence in this case. The Court has reviewed the evidence and the arbitrator's award, and finds that the arbitrator acted neither unreasonably nor arbitrarily in rendering his decision. The Court finds no reason to vacate the arbitration award, and concludes that the motion to vacate the award, and other similar motions, should be denied.

Finally, Hamel-Schwulst seeks to strike an affidavit filed by Casper Koble, submitted in response to the suggestion of bankruptcy filed regarding Taylor, in which Koble seeks to establish that CountryPlace is the owner and holder of the note and deed of trust on the property. (Ct. R., Doc. 62, p. 2; Docs. 57-A and 60.) Koble avers that the documents attached to the affidavit are true and correct copes of the note and deed of trust on file in the offices of CountryPlace. (Ct. R., Doc. 60, pp. 1-2.) Hamel-Schwulst challenges the validity of the deed of trust attached to the affidavit, stating it is not the same as the document in her possession which is a copy of the deed of trust for the property at issue in this suit. (Ct. R., Doc. 62.) The Court finds no basis to strike Koble's affidavit or the supporting document attached to the affidavit.

Defendants have moved to confirm the award, and the Court concludes that the motion to confirm should be granted. Hamel-Schwulst presents no proof or facts other than her

speculations to support her claims. Therefore, she has not met her burden of proof in this case and the Court finds that her claims lack merit. Although she argues that a different decision should have been rendered by the arbitrator, when "the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because [a party's] interpretation of the contract is different from his." *United Steelworkers v. Enterprise Wheel & Car Corp*., 363 U.S. 593, 599 (1960). Even if the Court would have interpreted the contract differently, the standard of review of arbitration awards requires it to defer to the arbitrator's interpretation of the contract; the parties bargained for an arbitration process which would determine facts and construe disputed contract provisions, and the Court should hold the parties to their bargain. *See Manville Forest Prod. Corp. v. United Paperworkers Int't Union,* 831 F.2d 72, 74 (5th Cir. 1987).

  Hamel-Schwulst bears the burden of persuasion in these circumstances, and her failure to offer discussion or authority in support of her conclusions is reason enough to reject her position that the award should be overturned. The arbitration award is a rational conclusion after studying the language and purpose of the contract, and therefore, the Court finds that the award should be confirmed. *Brabham*, 376 F.3d at 385. The Court's Order compelling arbitration submitted all disputes among the parties concerning rescission of the contract, allegations regarding the sale of the Palm Harbor home, and any related notes, and deeds of trusts securing the construction contract and financing. As the arbitration award address these issues and specifically set forth that all claims not granted in the arbitration award were denied, the Court confirming the arbitration awards finds there is nothing further before this Court, and the Complaint and all amendments thereto, together with any counter-claim, or third party claims, if any, should be

dismissed. (Ct. R., Doc. 34.) The Court further finds that the motion to disburse funds paid into the registry of this court should be granted.

Finally, the Court finds that Hamel-Schwulst's motion to set aside notice of default, (Ct. R., Doc. 59), should be denied. The parties should resolve any disputes concerning an alleged mortgage default in accordance to relevant Mississippi law in a court of competent jurisdiction, if necessary.

## Conclusion

For the reasons set forth above, the Court finds that Plaintiff's motion [51] to reopen this cause should be granted. The Court further finds that Plaintiff's remaining motions, [56, 58, 59, 62, 70, 72, 77, 82, and 85], should be denied. Additionally, the Court finds Defendants' motions to disburse funds [66] and to confirm the arbitrator's award [92] should be granted.

A separate Final Judgment shall issue.

THIS, the 12th day of February, 2010.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE